**BRYAN R. WHITTAKER**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**901 Front Street, Suite 1100**
**Helena, MT 59626**
**Phone: (406) 457-5120**
**FAX: (406) 457-5130**
**E-Mail: Bryan.Whittaker@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CR 16-16-BU-DLC |
| **Plaintiff,** | |
| **vs.** | **UNITED STATES' OFFER OF** |
| **ERIC DAVID FLETCHER,** | **PROOF** |
| **Defendant.** | |

The United States hereby files its Offer of Proof.

### THE CHARGE

The defendant, Edward Paul Ellington, is charged in the indictment with the

crime of conspiracy to possess methamphetamine with intent to distribute in

violation of 21 U.S.C. § 846.

1

## PLEA AGREEMENT

Pursuant to a plea agreement, the defendant will plead guilty to the superseding information and at the time of sentencing, if the Court accepts the plea agreement, the United States will move to dismiss the indictment.

The plea agreement entered into by the parties and filed with the Court represents, in the government's view, the most favorable offer extended to the defendant.   *See Missouri v. Frye*, 132 S. Ct. 1399 (2012).

## ELEMENTS

In order for the defendant to be found guilty of conspiracy to possess methamphetamine with intent to distribute as charged in the superseding information, the United States must prove each of the following elements beyond a reasonable doubt:

> First, there was an agreement between two or more persons to possess with intent to distribute methamphetamine;
>
> Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose; and
>
> Third, the conspiracy to possess w/intent to distribute was for five grams or more of pure (actual) methamphetamine.

## PENALTY

This offense carries a maximum punishment of a mandatory minimum five to 40 years imprisonment, a $5,000,000 fine, at least four years of supervised release, and a $100 special assessment.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

1.      That beginning in and about October, 2014, and continuing thereafter until on or about January 24, 2015, in Butte-Silver Bow County, in the State and District of Montana, and elsewhere, the defendant, ERIC DAVID FLETCHER, together with others both known and unknown to the United States Attorney, knowingly and unlawfully conspired and agreed to possess, with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), five grams or more of actual methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846.

2.      More specifically, on December 12, 2014, MTDCI completed a controlled drug purchase wherein a CHS purchased approximately three ounces of methamphetamine for $3,300.00 from Judy Collins and her supplier/son, Eric Fletcher in Butte, Montana.

3

3.      The CHS arrived at Collins' residence in Basin and made contact with Collins.   Collins advised the CHS that Collins' methamphetamine supplier (Fletcher) was in Butte.   Collins then called Fletcher and stated to Fletcher that the CHS had arrived at Collins' residence, but needed to come to Butte to collect money.   Collins told Fletcher to stay in Butte and they would meet with Fletcher in Butte.   The CHS and Collins then traveled to Butte in separate vehicles.

4.      About an hour later, the CHS made contact with Collins, via cell phone.   Collins advised the CHS that she would meet the CHS at the Pirates Treasure Casino in Butte, Montana.   The CHS arrived at Pirates Treasure Casino, and made contact with Collins. Collins exited her vehicle and entered the CHS's vehicle.   Collins instructed the CHS to drive to the La Quinta Inn.

5.      The CHS and Collins arrived at the La Quinta Inn and made contact with Fletcher and his girlfriend outside of the building.   Collings then introduced the CHS to Fletcher.   The CHS, Collins, Fletcher, and his girlfriend then entered the La Quinta Inn and went into one of the rooms for the transaction to take place. Once inside the room, Fletcher advised the CHS that he only had approximately three ounces of methamphetamine to sell to the CHS.   The CHS and Fletcher discussed future purchases of approximately one-half pound of methamphetamine and discussed meeting halfway for the transaction.   During the conversation

4

Fletcher stated that Ritzville, Washington would be a halfway point between Butte and where he was located.   Fletcher also stated that he would normally pick up at least one-half pound on a regular basis and bring it over to Butte for resale.   The CHS stated that he/she observed another approximately one-half ounce of methamphetamine with Fletcher in the hotel room.

6.     Collins and the CHS left the hotel, re-entered the CHS's vehicle and left the area.   The CHS and Collins went back to the casino where Collins' vehicle was parked.   Collins then exited the CHS's vehicle, got in her vehicle and left the area.   The CHS turned the methamphetamine from the purchase over to investigators.   That methamphetamine was later sent to the DEA Western Regional Laboratory.   Analysis of the drug evidence revealed 81.4 grams of actual methamphetamine with a purity of 97.8%.

7.     On January 24, 2015, the FBI and MTDCI used the same CHS to communicate with Fletcher.   They learned that Fletcher was on his way from Washington to Montana with a drug load.   The CHS advised investigators that Fletcher would be soon arriving in Saint Regis, Montana.   Investigators saw Fletcher's vehicle exit the highway and enter the Motel 6 parking lot.

8.     Officers conducted a traffic stop.   As officers patted Fletcher down for weapons/officer safety they discovered a plastic baggie containing suspected

heroin.    A state search warrant for Fletcher's vehicle was obtained and executed

by officers.    The search resulted in officers finding a .22 caliber pistol, ten rounds

of .22 caliber ammunition, a digital scale, and a plastic baggie containing suspected

methamphetamine.

9.    The suspected methamphetamine found in Fletcher's car was later

sent to the DEA Western Regional Laboratory for testing and revealed that there

was 108.5 grams of methamphetamine with a purity of 98.2%.

Methamphetamine is a Schedule II controlled substance.

10.    After the traffic stop, Fletcher waived his rights and agreed to talk

with investigators.    He admitted his role in the drug conspiracy.    He told

investigators that he had made approximately 12 to 18 trips from Washington to

Montana beginning in September or October of 2014 and that he had distributed

between three and eight ounces each time he made the trip.    Fletcher further told

investigators that he still owed his source of supply in Washington $800 because of

methamphetamine that had been fronted to him.

////

////

////

////

The United States submits that the evidence would prove beyond a reasonable doubt all the elements of the crime charged.

DATED this 17th day of October, 2017.

KURT G. ALME
United States Attorney


_/s/ *Bryan R. Whittaker*_
Assistant United States Attorney
Attorney for Plaintiff